UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X    <u>For Online Publication Only</u>
KISS NAIL PRODUCTS, INC.,

                                                                 **<u>ORDER</u>**
                                Plaintiff,          18-CV-5631 (JMA) (SIL)

      -against-

SHENZHEN KAYLUX TECHNOLOGY CO.
LTD., GUANGZHOU MENARDA ELECTRICAL
CO. LTD. D/B/A DORISILK, SHENZHEN MANJIU
IMPORT AND EXPORT TRADE CO., LTD D/B/A
ELA STYLER,

                                Defendants.
----------------------------------------------------------------------X
**AZRACK, United States District Judge:**

      Before the Court is the motion of plaintiff Kiss Nail Products, Inc. ("Plaintiff") for default judgment against defendants Shenzhen Kaylux Technology Co. Ltd., Guangzhou Menarda Electrical Co. Ltd. d/b/a Dorisilk, and Shenzhen Manjiu Import and Export Trade Co., Ltd d/b/a Ela Styler (collectively, "Defendants") to enjoin Defendants from infringing on the patent held by Plaintiff. For the reasons stated herein, Plaintiff's motion is GRANTED and Defendants are permanently enjoined from infringing on the patent held by Plaintiff within the United States.

## I. DISCUSSION

**A.  <u>Defendants Defaulted</u>**

      Defendants are corporations located in the People's Republic of China. (ECF No. 16-1 at 3.) Since 2018, Plaintiff has been attempting to serve process on Defendants pursuant to the Hague Convention. (<u>Id.</u>) On November 28, 2018, Plaintiff's international service provider transmitted the summons and complaint to the Chinese Central Authority via international courier. The summons and complaint were delivered on December 3, 2018. (<u>Id.</u>) Plaintiff received no

certificate or response from the Chinese Central Authority. (Id.) On September 20, 2019, the Court issued an order directing Plaintiff to send a copy of the summons and complaint, as well as the correspondence with the Court concerning default judgment, via courier to each Defendant by October 7, 2019. Plaintiff sent these papers via FedEx to each Defendant on September 27, 2019. (Id.) Plaintiff received no response from any Defendant, no Defendant served an answer or otherwise responded to the complaint, and no attorney representing any Defendant contacted counsel for Plaintiff. (Id. at 4.)

Since both the United States and China are signatories to the Hague Convention, that pact governs service of process by transmittal of documents abroad in this case. See Kiss Nail Prod., Inc. v. Shenzhen Jinri Elec. Appliance Co., No. 18-CV-5625, 2020 WL 4679631, at *3 (E.D.N.Y. July 23, 2020), adopted by 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020) (citing Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988) (dictum) ("Compliance with the Convention is mandatory in all cases to which it applies...."); Hague Convention art. 1 ("The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."); Fed. R. Civ. P. 4 advisory committee's note ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.")). The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents. See Hague Convention arts. 2–6. In addition, Article 10 allows for service by other means, such as service "by postal channels" or through judicial officers, "[p]rovided the State of destination does not object." Id. art. 10.

Article 15 of the Hague Convention sets forth certain conditions that must be met before a default judgment can be entered against a defendant served pursuant to the Convention. Id. art.

2

15. Article 15 allows for entry of a default judgment, if three conditions are fulfilled: (1) "the document was transmitted by one of the methods provided for in this Convention"; (2) "a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document"; and (3) "no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed." Id.; see also Kiss Nail Prod., 2020 WL 4679631, at *4.  Here, all three mandatory conditions have been met: (1) the complaint was transmitted to the Chinese Central Authority on November 28, 2018; (2) to date, a period of over 21 months has elapsed since the documents were transmitted; and (3) no certificate or response of any kind has been received—despite reasonable efforts—from the Chinese Central Authority.  Additionally, although not required under Article 15, Plaintiff also sent the complaint to each Defendant via FedEx on October 7, 2019.  See id.

Plaintiff properly served the Central Authority of China as set forth in Article 15 of the Hague Convention, and to date, has not received a response from the Central Authority of China.  The Court finds that, pursuant to Article 15, entry of a default judgment against the Defendants is appropriate here.

**B. Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.  Here, Plaintiff alleges that Defendants infringed upon United States Patent No. 10,010,148 (the "'148 Patent"), which was issued to Plaintiff on July 3, 2018 and covers Plaintiff's Instawave®

3

Automatic Hair Curler. (ECF No. 16-1 at 1.) The Court finds that the allegations in the complaint are sufficient to establish that Defendants willfully violated the '148 Patent.

## C. Injunctive Relief

Plaintiff has requested a permanent injunction, barring Defendants from producing and selling the infringing products. 35 U.S.C. § 283 provides that, "[t]he several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Under "well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). To meet this burden:

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Id. (citations omitted). These "principles apply with equal force to disputes arising under the Patent Act." Id.; see also Kiss Nail Prod., 2020 WL 4679631, at *6.

First, having found Plaintiff's allegations sufficient to establish liability for patent infringement, the Court presumes that Plaintiff will suffer irreparable harm. As Defendants have not appeared to rebut this presumption, the Court finds that Plaintiff has established irreparable injury flowing from Defendants' continued infringement of its patent. Second, Plaintiff alleges that Defendants have continued to infringe upon the patent and will continue to infringe upon the patent. (ECF No. 16-1 at 1, 4, 11.) In light of Defendants' default, the Court has been presented with no evidence that Defendants would cease their infringing activities if only a monetary judgment were to be entered. As such, Plaintiff has established the inadequacy of remedies at law.

4

Third, Plaintiff argues that if an injunction is not issued it would continue to be unfairly forced to compete against its own intellectual property.  As Defendants have failed to appear to assert any hardships they would suffer should an injunction be issued, the Court finds that the balance of hardships favors Plaintiff.  Fourth, courts have regularly found that there is a strong public policy interest in protecting intellectual property rights.  Therefore, the Court finds that the public interest would be served by the entering of an injunction.

Having considered these principles, the Court finds that Plaintiff has satisfied the four-factor test necessary to warrant entry of a permanent injunction in this case.  Defendants are permanently enjoined from infringing on the '148 Patent held by Plaintiff within the United States.

## II.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against Defendants as follows: Defendants are permanently enjoined from infringing on the '148 Patent held by Plaintiff within the United States.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  September 24, 2020
Central Islip, New York

                                                                                 /s/   (JMA)
                                                                               JOAN M. AZRACK
                                                                               UNITED STATES DISTRICT JUDGE